# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX GALINDO, et al., | CASE NO. CV F 07-0798 LJO GSA |
| Plaintiffs, | ORDER TO REFER TO VOLUNTARY DISPUTE RESOLUTION PROGRAM AND TO APPOINT NEUTRAL EVALUATOR |
| vs. | |
| BALTIMORE AIRCOIL CO., et al., | |
| Defendants. | |

The parties have agreed to participate in this Court's Voluntary Dispute Resolution Program ("VDRP") and to the selection of Richard C. Watters ("Mr. Watters") as neutral evaluator. To that end, this Court appoints Mr. Watters to serve as neutral evaluator. On the basis of good cause, this Court ORDERS:

1. This action is referred to VDRP to be conducted pursuant to this Court's Local Rule 16-271;

2. Mr. Watters is selected as the neutral evaluator effective December 5, 2007. Mr. Watters is directed to contact the parties' counsel to arrange a VDRP session; and

3. This Court's clerk is directed to mail a copy of this order to Richard C. Watters, Miles, Sears & Eanni, 2844 Fresno Street, Fresno, CA 93721.

/ / /

/ / /

**BACKGROUND ON VDRP**

As a convenience to the parties, the Court provides the following background on VDRP:

VDRP's purpose is to reduce the cost of litigation. Toward this end, VDRP gives litigants an early opportunity to present their case to a neutral attorney with considerable experience in the relevant subject area, to see a comparable presentation by their opponent, to receive an objective evaluation of the relative strengths and weaknesses of the parties' positions, to discuss early settlement, and, if no settlement can be reached, to develop a streamlined discovery plan that will produce efficiently necessary information to explore the possibility of settlement more thoroughly. Here are a few important points regarding VDRP:

1. Lead trial counsel and their clients, or an authorized representative with settlement authority, will be required to attend the VDRP session in person.

2. There is no charge to use the VDRP service.

3. The parties should limit pre-VDRP discovery to matters essential to making the VDRP session meaningful. One of VDRP purposes is to save the parties some of the costs of discovery.

4. The parties are required to submit a written statement to the neutral evaluator (and send a copy to opposing counsel) no less than seven calendar days prior to the VDRP session. Such statements may not exceed ten pages and shall provide/address:

   A. A brief statement of the facts;
   B. The pertinent principles of law;
   C. The legal and factual issues in dispute;
   D. Whether there are any legal or factual issues the early resolution of which might reduce the scope of the dispute or contribute significantly to the productivity of settlement discussions;
   E. The discovery that promises to contribute most to meaningful settlement negotiations;
   F. The person(s) in addition to counsel who will attend the session as that party's representative with settlement authority; and

        G.    Documents or physical evidence, if any, central to an understanding of the dispute.

5. At the VDRP session, each party will be expected to make a short (perhaps 15-30 minutes) informal presentation of the party's side of the case with supporting documents to the extent practicable.

6. All written and oral statements made in connection with the VDRP session are absolutely confidential and cannot be used in any aspect of the case for any purpose. The neutral evaluator will not communicate with the assigned judge about the merits of the case or about what occurred at the VDRP session other than whether the case settled.

7. After the parties present their case and answer questions, the neutral evaluator will explore settlement by caucusing with the parties, communicating offers and counter offers, and utilizing mediation techniques to focus the parties and their attorneys on their chances of success on legal and factual issues, to quantify that chance of success, and to assess the costs of continuing to litigate unresolved issues.

8. If settlement efforts fail, the neutral evaluator will give his/her opinion of each party's chance of success, the range of damages, and his/her opinion of the probable outcome if the case were tried.

9. The neutral evaluator's assessments and recommendations will be purely advisory, will not be communicated to the Court, and can have no binding effect on discovery, motion practice, or other aspects of preparation for trial. Only the assigned judge can control these matters.

IT IS SO ORDERED.

**Dated:   December 5, 2007**                          /s/ Lawrence J. O'Neill
                                                             UNITED STATES DISTRICT JUDGE