# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX GALINDO AND IRENE GALINDO,<br><br>Plaintiffs,<br><br>v.<br><br>BALTIMORE AIRCOIL COMPANY, a corporation; CINCINNATI INC., doing business in California as "The Cincinnati Shaper Company," a corporation; and DOES 1 through 100<br><br>Defendants. | 07-CV-798 LJO-GSA<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESS<br><br>(Document 33) |

On November 5, 2008, Plaintiffs ALEX GALINDO and IRENE GALINDO ("Plaintiffs") filed a Motion to Exclude the Expert Testimony of Peter Barroso Jr., Defendant BALTIMORE AIRCOIL COMPANY's ("Defendant") expert witness. On November 25, 2008, Defendant filed an opposition. Plaintiffs filed a reply on December 3, 2008. The Court considered all of the pleadings in this matter and determined that the matter was suitable for decision without oral argument. Local Rule 78-230(h). The hearing scheduled for December 12, 2008 was vacated. For the reasons that follow, the Court orders that Plaintiffs' Motion to Exclude Defendant's Expert Testimony is GRANTED.

**BACKGROUND**

This is a personal injury action arising out of a December 15, 2004 incident in which

1  Plaintiff ALEX GALINDO allegedly suffered injuries to his left hand when operating a press
2  brake at a facility owned and operated by Defendant BALTIMORE AIRCOIL COMPANY.
3  Plaintiffs ALEX GALINDO and IRENE GALINDO brought this action against both Defendants
4  to recover for ALEX GALINDO'S injuries.  Defendant CINCINNATI INCORPORATED was
5  dismissed as a party on February 28, 2008 pursuant to a settlement agreement.  BALTIMORE
6  AIRCOIL COMPANY is the only remaining Defendant.
7         On November 5, 2008, Plaintiffs filed the instant motion to exclude Defendant's expert
8  witness from testifying at trial.  Plaintiffs argue that a scheduling conference order was issued on
9  November 20, 2007 which set expert disclosures for October 17, 2008, and supplemental
10 disclosures for October 28, 2008, respectively.  Pursuant to this order, all non-dispositive and
11 dispositive motions are to be filed no later than January 16, 2009.  A pretrial conference is
12 scheduled for March 19, 2009, and the matter is set for a jury trial to begin on April 20, 2009.
13 The scheduling order informed the parties that the disclosures should include all the information
14 set out in Rule 26 of the Federal Rules of Civil Procedure.  In relevant part, the order provided as
15 follows :

> [Initial and supplement expert witness disclosures] must be made pursuant to F.R.
> Civ. P. 26(a)(2)(A) and (B) and shall include all information required thereunder.
> In addition, F.R. Civ. P. 26(b)(4) and F.R. Civ. P 26(e) shall specifically apply to
> all discovery related to expert witnesses and their opinions included in the
> designations.  Each expert witness must be prepared to be fully examined on all
> subjects and opinions included in the designations.  Failure to comply with these
> requirements will result in the imposition of sanctions, which may include the
> preclusion of testimony or other evidence offered through the expert witness...
> Scheduling Conference Order dated Nov. 20, 2008 at pg. 5: 11-18 (Doc. 11) .

22        On August 26, 2008, the parties submitted a stipulation to the Honorable Lawrence J.
23 O'Neill requesting an amendment to the scheduling order extending the expert disclosures and
24 supplemental expert disclosures for approximately three months.  On September 12, 2008, the
25 Court declined to amend the scheduling order.  In doing so, the Court commented on the
26 importance of the scheduling order for purposes of case management and also cautioned that
27 scheduling conference orders should not be "disregarded without peril." (Doc. 31).
28        Plaintiffs timely disclosed the identity of their expert as required pursuant to the Court's

scheduling order.  On October 21, 2008, Defendant's counsel contacted Plaintiffs' counsel and spoke with his legal secretary, Lisa Quiroz .  Counsel informed Ms. Quiroz that he had received Plaintiffs' disclosures but that Defendant's disclosures had not been sent because of a calendaring error.  See, Declaration of Lisa Quiroz dated November 3, 2008.at pg. 2-3. (Doc. 40). Plaintiffs' counsel was not in the office at the time the call was received.  On October 28, 2008, after Plaintiffs' counsel had returned to the office, Defendant designated Peter Barroso, Jr. as a defense expert via fax.  Attached to the designation was Mr. Barroso's curriculum vitae, his fee schedule, and a list of cases in which he had previously testified.  See, Declaration of Douglas Kroesch dated November 25, 2008 at pg. 2. (Doc. 37).  The designation however did not contain any expert report outlining Mr. Barroso's opinions, or materials that he relied on.  Id. Defendant's counsel sent Plaintiffs' counsel a copy of Mr. Barroso's expert report on November 24, 2008, as soon as it was received from Mr. Barroso.  Id.

## **LEGAL STANDARD**

Rule 26(a)(2)(B) provides that "unless stipulated or ordered by the court [the disclosure of the identity of expert witnesses pursuant to Rule 26(a)(2)(A)] must be accompanied by a written report.  Fed. R.Civ. P. 26(a)(2)(B).  The report shall contain, among other things, a "complete statement of all opinions to be expressed and the basis and reasons for them" and the data or other information considered by the witness in forming the opinions.  F.R. Civ. P. 26(a)(2)(B).  A party who fails to properly disclose its experts and their reports may be barred from using any of the expert's direct testimony unless there was "substantial justification" for the failure to disclose or the failure was "harmless."  Fed. R.Civ.Proc. 37(c)(1).

In determining whether this action should be imposed, the burden is on the party facing the sanction to prove harmlessness.  Torres v. City of Los Angeles, No. 06-55817, 2008 WL 4878904 at * 12 (9th Cir. Nov. 13, 2008) (quoting, Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir 2001)).   The Ninth Circuit Court of Appeals gives wide latitude to a district court's exercise of discretion to issue sanctions for failure to disclose an expert.  Yeti, 259 F. 3d  at 1106.  Moreover, F.R. Civ. P. 16(f) and 27(b)(2)(B) "authorize district courts to prohibit the admission of evidence proffered by the disobedient party."  Sylla-Sawdon v.

Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995), cert. denied, 516 U.S. 822, 116 S.Ct. 84 (1995); United States v. 68.94 Acres of Land, 918 F.2d 389, 396 (3rd Cir. 1990); Smith v. Rowe, 761 F.2d 360, 366 (7th Cir. 1985).  The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with discovery and pretrial orders is essential to judicial management of the case.  Admiral Theatre Corp. v. Douglas Theatre Co., 585 F.2d 877, 897-898 (8th Cir. 1978); Sylla-Sawdon, 47 F.3d at 284.  The Ninth Circuit has upheld a district court ruling precluding an expert from testifying when the expert was not timely and properly disclosed.  Jenkins v. Whittaker Corp., 785 F.2d 720, 728 (9th Cir.), cert. denied, 479 U.S. 918, 107 S.Ct. 324 (1986).

In considering whether to exclude the expert testimony, the court should consider: (1) the explanation, if any, for the failure to disclose; (2) prejudice to the opposing party; (3) the potential for curing the breach by granting a continuance; and (4) the importance of the testimony.  See Barett v. Atlantic Richfield Co. 95 F.3d 375, 380 (5th Cir. 1996); Sierra Club Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F. 3d 546, 572 (5th Cir. 1996); cert. denied, 519 U.S. 811, 117 S. Ct. 57 (1996).

## DISCUSSION

Plaintiffs argue that pursuant to Federal Rule of Civil Procedure 37(c)(1), Defendant's expert's testimony should be precluded because Defendant failed to follow the court's orders requiring that all expert witnesses be disclosed on or before October 28, 2008.   Instead, Plaintiffs did not receive Defendant's expert designation until eleven days past the required deadline and did not receive Mr. Barroso's expert report until November 24, 2008 which was well beyond the expert disclosure and supplemental expert disclosure dates.

Defendant argues that the failure to provide the expert disclosure was not caused by willfulness or bad faith, but was only due to defense counsel's failure to properly calendar the expert disclosure dates.  Defendant's counsel contends that he had changed the dates on his calendar pursuant to the stipulation and forgot to change them back after the court denied the request for the extensions.  The report was given to Plaintiffs' counsel as soon as it was completed by Mr. Barroso and Defendant's counsel informed opposing counsel that he would do

1  whatever was necessary to remedy the difficulties the oversight caused.  Defendant argues that
2  exclusion of the testimony is an extreme sanction and there is substantial time until the trial to
3  allow supplemental disclosures by Plaintiffs' expert.  Moreover, Plaintiffs' expert will have the
4  opportunity to consider Mr Barroso's report prior to Plaintiffs deposing Mr. Barroso.
5         In reply, Plaintiffs argue that a calendaring error is not substantial justification.
6  Furthermore, Plaintiffs argue that they have been prejudiced because Defendant had access to
7  their expert's report during mediation that occurred on October 29, 2008.  This mediation was
8  unsuccessful and it is impossible to determine the effect having the report may have had the
9  mediation process.  Finally, rather than taking steps to minimize the error such as returning
10 Plaintiffs' expert report, or limiting the dissemination of the report, Mr. Barroso reviewed
11 Plaintiff's expert's report prior to formulating his own opinions.  Plaintiffs argue it is impossible
12 to assess the impact that exposure to the Plaintiffs' reports had on the drafting of Mr. Barroso's
13 report, or on any motions for summary judgment Defendant's counsel has informed Plaintiffs he
14 will be filing. Thus, Plaintiffs argue that Defendant's failure to timely disclose the expert was not
15 substantially justified, nor was it harmless.
16         The court has evaluated all of the factors listed above and finds that Mr. Barroso's expert
17 testimony and opinion based on the report shall be excluded.  The parties were clearly informed
18 in the scheduling order that failure to include information required by F.R. Civ. P. 26(a)(2)(A)
19 and (B) may result in the Court excluding the testimony or other evidence offered through such
20 experts.  Moreover, the parties also requested an extension of the deadlines which was denied by
21 Judge O'Neill.  The parties were advised again of the importance of the dates set forth in the
22 scheduling order and were told that scheduling orders should not be disregarded without peril. It
23 is also noted that although Judge O'Neill denied the extension request, he did so without
24 prejudice, however, the parties never filed another stipulation to extend the dates.
25         The court is mindful that scheduling errors do occur, however, a calendaring error does
26 not constitute substantial justification.  Moreover, the Court agrees that Defendant's failure to
27 disclose was not harmless.   Plaintiffs have been prejudiced because Defendant's counsel took no
28 steps to ameliorate the effects of the calendaring error.  For example, to date, Defendant's

1  counsel has not filed a motion to extend any of the expert discovery deadlines, nor did he contact
2  the court as soon as the error was realized in an effort to remedy the situation.  Instead, counsel
3  waited until Plaintiffs filed this motion to give any explanation to the court.
4       Additionally, it is clear from Mr. Barroso's report that he considered Plaintiffs' expert
5  opinions in formulating his conslusions.  See, to Declaration of Douglas A. Kroesch dated
6  November 25, 2008, at Exhibit 3, para. 1.  (Doc. 38).   Thus, whether or not it was intentional,
7  Defendant obtained a tactical advantage when the report was given to Mr. Barroso prior to the
8  completion of his own report.  Furthermore, Defendant also had this report during mediation
9  which could have effected the outcome of those proceedings.  These prejudices cannot be cured
10  by allowing a continuance.
11       Finally, consistent with his previous orders, Judge O'Neill has indicated that the other
12  dates, including the motions deadline, the pretrial, and trial dates, will not be continued.  Thus,
13  Plaintiffs will be significantly prejudiced if the supplemental expert discovery deadline is
14  extended prior to the filing of dispositive motions which is currently scheduled for January 16,
15  2009.   There is simply not enough time to extend the supplemental expert disclosure deadline at
16  this juncture in the proceedings.
17       The court recognizes the importance of this testimony to Defendant's case, however, the
18  importance of the testimony cannot override the enforcement of local rules and scheduling
19  orders.  The importance of Defendant's expert merely emphasizes the need for Defendant to have
20  complied with Judge O'Neill's two previous orders, or at a minimum to have informed the court
21  of the error when it was recognized, especially given the history of this case. See, Barrett, 95 F.
22  3d at 381; Wong v. Regents of University of California, 410 F. 3d 1052, 1060 (9th Cir. 2005)
23  (Recognizing that courts routinely set schedules and establish deadlines to foster the efficient
24  treatment of cases and noting that "Parties must understand that they will pay a price for failure
25  to comply strictly with scheduling and other orders, and that failure to do so may properly
26  support severe sanctions and exclusions of evidence.").  Accordingly, Defendant has not
27  demonstrated that the failure to properly disclose the expert report was substantially justified or
28  harmless.

**CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiffs' Motion to Exclude the Testimony and Opinions of Defendant's Expert, Peter Barroso Jr, is GRANTED.

IT IS SO ORDERED.

**Dated:   December 17, 2008**           /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE